IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WALTER EARL FRANKLIN | § | |
| v. | § | CIVIL ACTION NO. 6:03cv578 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Walter Earl Franklin, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Franklin was convicted of delivery of a controlled substance on March 9, 2000, receiving a sentence of 20 years in prison. In his federal habeas corpus petition, he asserts that he received ineffective assistance of counsel, that the enhancement of his sentence was illegal, he was not present when his attorney and the prosecutor executed the strikes from the venire panel, and his prior convictions were discussed by his attorney and the prosecutor during voir dire, prejudicing the jury against him.

The Magistrate Judge ordered the Respondent to answer and received a copy of the state court records.  Franklin fiked a response to the answer, which the Magistrate Judge also reviewed. On April 8, 2005, the Magistrate Judge issued a Report recommending that Franklin's petition be dismissed. The Magistrate Judge reviewed each of Franklin's contentions and concluded that they were without merit.

1

Franklin received a copy of the Magistrate Judge's Report on April 12, 2005, and filed objections to the Report which are dated May 9, 2005.  These objections are untimely; nonetheless, the Court will review them in the interest of justice,

Franklin objects only to the Magistrate Judge's conclusions regarding his claims of ineffective assistance of counsel and denial of his presence during the making of strikes to select the jury.  In his first claim, Franklin says that his attorney, James Williams, did not interview potential witnesses and did not have the tape of the alleged transaction analyzed to determine if it were really his voice on it.  He also says that Williams did not call a potential witness named Elizabeth White to testify, and that Williams "did not file any objections" and did not challenge the enhancement provisions in the indictment.

The Magistrate Judge stated that the three witnesses whom Franklin says were not interviewed by Williams testified at trial on Franklin's behalf.  The Magistrate Judge stated that Franklin had failed to show that these individuals were in fact not interviewed prior to their testimony, nor any information which would have been revealed had they been interviewed as Franklin suggests.

With regard to the claims involving Elizabeth White, the Magistrate Judge concluded that Franklin failed to show that White would have testified favorably to him had she been called at trial; instead, he simply speculates that White, a police informant, could have testified that it was not his voice on the tape.  The Magistrate Judge stated that this speculation was not sufficient to show ineffective assistance of counsel.

In addition, during closing argument, Williams said that he did not know where White was, but Franklin asserts in his petition that she was in the Cherokee County Jail during his trial. The Magistrate Judge observed that Franklin did not indicate how he knew that White was in the jail.

Similarly, the Magistrate Judge stated that Franklin did not show that an analysis or a digitization of the tape would have helped him in any way, beyond speculation that this might have showed that it was not his voice on the tape.  The Magistrate Judge noted that Williams' trial strategy

was to isolate the arresting officer, Bingham, as the sole witness against Franklin, and challenge Bingham's credibility, as for example when Williams elicited testimony from Bingham to the effect that Bingham had mdae over 100 drug buys from different persons and could remember every one of the individuals involved.

In his objections, Franklin says that he told his attorney that the voice on the tape could not be his, and Williams said that there was technology available to "clean it up" and see. He also says that at trial, none of his witnesses showed up, so therre was a delay while the subpoenas could be served; at this time, Franklin says, he asked the deputies serving the subpoena where White was, and they told him that she was in the jail.

Franklin says that the fact that White told Bingham "there's Walter Earl" during the drug buy gives rise to a "reasonable probability" that she would have exonerated him, because she did not use his full name.  He complains that the Magistrate Judge has simply "rationalized" what defense counsel's strategy was and says that White was obviously known to Williams, since he had a subpoena issued for her.

Franklin's objections on this ground are without merit. As the Magistrate Judge stated, claims revolving around the failure to call witnesses are not favored, and the petitioner must show that the witness' testimony would have been favorable and that the witness would have testified at trial.  *See* Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985). Franklin simply has not shown that White's testimony would have been favorable to him; he speculates that she might have testified that the voide on the tape was not his, or that the "Walter Earl" whom she introduced to Officer Bingham was not Walter Earl Franklin.

Similarly, Franklin speculates that had an analysis been done of the tape, it might have showed that the voice on it was not his.  This is not enough to show that but for his attorney's alleged dereliction, the result of the proceeding would probably have been different.  Lavernia v. Lynaugh, 845 F.2d 493, 498 (5th Cir. 1988).

As the Magistrate Judge observed, Williams' trial strategy was clear.  Williams sought to damage Bingham's credibility and brought in witnesses on Franklin's behalf.  Williams even highlighted for the jury the lack of clarity of the tape, the fact that the State did not call White to corroborate Bingham even though Bingham said that White was with him and introduced him to Franklin, and the fact that the State did not have it analyzed.  The federal courts are bound to give "great deference" to the trial strategy employed by counsel.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  As the Magistrate Judge concluded, Franklin failed to show that Williams' trial strategy was unreasonable, nor that any other strategy would have proven more effective.  His objection on this point is without merit.

The second objection which Franklin raises concerns his alleged exclusion from court at the time that Williams and the prosecutor made their strikes from the jury list.  Franklin says that he was present and taking notes during voir dire, but he was excluded when the strikes were made because it was the lunch recess.  The Magistrate Judge concluded that nothing in the record substantiated Franklin's assertion that he was in fact excluded from court at the time that the strikes were made, and that Franklin had failed to show any harm as a result from this exclusion if in fact he was excluded.

In his objections, Franklin says that the selections were made during the lunch recess and that "some things are self-explanatory, like cars don't fly around our cities, judges don't allow criminals in pre-trial detention to linger in the courtroom during lunch recesses."  He also says that his exclusion was "plain error" so he does not have to show harm, even though the Fifth Circuit has indicated that a showing of harm is in fact required.  Corwin v. Johnson, 150 F.3d 467, 473-74 (5th Cir. 1998).  These objections are without merit.  F.3d 353, 358-60 (5th Cir. 2000).  Finally, Timmons has offered nothing beyond his own conclusory allegations to show that these photos, telephone records, and audiotapes existed at all, much less that they were exculpatory or that had he had knowledge of them, he would not have pleaded guilty but would have insisted on going to trial.  Timmons's objections on this point are without merit.

4

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the respondent, the petitioner's response thereto, the state court record, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.  It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 23rd day of May, 2005.**

WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE